JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

IGNACIO GUZMAN,

                            Plaintiff,

        v.

SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, and DOES 1 to 20, Inclusive

                     Defendant.

Case No. 5:21-cv-01988-JVS(PDx)

HON. Honorable James V. Selna

ORDER RE STIPULATED NOTICE OF DISMISSAL

## <u>STIPULATED NOTICE OF DISMISSAL</u>

      The parties, through their undersigned attorneys, having settled this action pursuant to the attached Settlement Agreement, hereby agree to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).  The parties further stipulate that each party shall bear its own costs and attorneys' fees.

                                Respectfully submitted,

For Plaintiff, IGNACIO GUZMAN:
Robin E. Paley, Esq, Attorney at Law

_Robin Paley_____
Robin E. Paley, Esq.
LAW OFFICES OF ROBIN E. PALEY, A PLC.
13654 Victory Boulevard #F345
Van Nuys, CA 91401
Telephone: (818) 386-2995
Facsimile: (818) 547-1980
Email: info@robinpaleylaw.com

For Defendant, SAMSUNG ELECTRONICS HOME APPLIANCES
AMERICA, LLC
CHRISTOPHER NISSEN, ESQ.

_____

Christopher Nissen, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
555 S. Flower Street - Suite 2900
Los Angeles, CA 90071-2407
Tele: 213-443-5100
Facsimile: 213-443-5101
Email: Christopher.Nissen@wilsonelser.com

### <u>ORDER</u>

Having shown good cause for the foregoing request, IT IS HEREBY ORDERED as follows:
to dismiss this case with prejudice pursuant to Fed.R. Civ. P. 41(a)(1)(A)(ii). The parties further
stipulate that each party shall bear its own costs and attorneys' fees.

IT IS SO ORDERED.

Dated: January 24, 2024

_____
Honorable James V. Selna
United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Robin E. Paley, Esq.
info@robinpaleylaw.com

*Robin Paley*
Robin E. Paley, Esq.
13654 Victory Boulevard #F345
Van Nuys, CA 91401
Telephone: (818) 386-2995
Facsimile: (818) 547-1980
Email: info@robinpaleylaw.com

## <u>CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE</u>

IGNACIO GUZMAN (referred to as "GUZMAN") and SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC (referred to as "SAMSUNG") hereby enter into this Confidential Settlement Agreement and General Release ("Settlement Agreement") involving the lawsuit entitled IGNACIO GUZMAN V. SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC, CASE NO:    5:21-cv-01988-JVS (PDx).    GUZMAN and SAMSUNG are referred to collectively herein as "Parties" or individually as a "Party".

WHEREAS, a dispute has arisen between the Parties to this Settlement Agreement regarding, without limitation, an accident involving occurring on or about December 17, 2019 ("Subject Incident");

WHEREAS, SAMSUNG denies all of the allegations and claims asserted by GUZMAN in the above-referenced legal action and nothing contained herein nor any payment made hereunder shall constitute or be construed as an admission by any of the Parties, of any liability to GUZMAN or to any other party in relation to the Subject Incident, the allegations set forth in the action or otherwise, and the Parties expressly deny such liability;

WHEREAS, GUZMAN claims injuries resulting from the Subject Incident;

WHEREAS, in order to avoid the time, cost, and uncertainty of litigation, the Parties desire to settle, compromise, and resolve all claims related to the Subject Incident, actual or alleged, accrued or unaccrued, known or unknown; and

WHEREAS, the Parties agree that the settlement contemplated m this Settlement Agreement was reached in good faith.

NOW, THEREFORE, in consideration of the promises, covenants, and other terms set forth and referred to herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.      <u>Settlement Payment.</u>

(a) Counsel for GUZMAN shall cause to be delivered to Christopher D. Nissen of Wilson Elser Moskowitz Edelman & Dicker LLP an unaltered copy of this Settlement Agreement with the signature of GUZMAN on behalf of himself.

(b) Within thirty (30) days after receiving a fully executed copy of this Settlement Agreement and a filed-stamped copy of a Dismissal With Prejudice of the entire lawsuit, SAMSUNG will cause payment ("Settlement Payment") in the amount of One Hundred and Ten Thousand Dollars ($110,000) to GUZMAN, to be made payable to Law Offices of Robin E. Paley, Client Trust Account (hereinafter referred to as "Settlement Payments") via check, addressed to Attn: Daysi Flores, Paralegal, LAW OFFICES OF ROBIN E. PALEY, A PLC, 13654 Victory Blvd. #F345, Van Nuys, CA 91401.

286896072v.1

(c) Neither GUZMAN nor SAMSUNG nor any insurers make any representation, promise, or warranty of any kind as to the federal, state or local tax treatment of the Settlement Payments. GUZMAN understands and agrees that he shall be solely responsible for the tax treatment of other payments and any tax liabilities relating thereto.

2.    Release.

GUZMAN, on behalf of himself and his past, present, and future heirs, next of kin, agents, representatives, attorneys, heirs, executors, administrators, successors, licensees, assigns, partners and attorneys (collectively "Releasors"), does hereby fully and forever release, remise, discharge, and acquit SAMSUNG, Samsung Fire & Marine Management Corp., Samsung Fire & Marine Ins. Co., Ltd. (US Branch), Samsung SOS America, Inc., Hire Dynamics, Zurich American Insurance Company and each of their past, present, and future parents, subsidiaries, and affiliates, and each of their respective past, present, and future officers, directors, partners, shareholders, representatives, divisions, owners, employees, agents, contractors, attorneys, insurers, successors, benefit plans and fiduciaries thereof, licensees, predecessors, and assigns (collectively "Released Parties") from any and all liabilities, damages, losses, actions, causes of action, suits, debts, claims, liens, demands, violations of state or federal statutes or laws, costs, attorneys' fees, expenses, and compensation, whatsoever, in contract, tort, law, equity, or otherwise, whether known or unknown, foreseen or unforeseen, actual or alleged, fixed, accrued, contingent, inchoate or otherwise, including, but not limited to, claims made or that could have been made or asserted in the Dispute, and any other statute or common law principle of similar effect which any of the Releasors ever had, now have, or hereinafter can, shall, or may have against **SAMSUNG** and/or any Released Party, for, upon, or by reason of any matter, cause or thing whatsoever arising from or relating to the Subject Incident or related Dispute, including past and future special and general damages (collectively, "Claims"). Without limiting the generality of the foregoing, GUZMAN agrees, on behalf of himself, he will not sue SAMSUNG and/or any Released Party on any Claims or causes of action that have been or could have been alleged pursuant to or as part of the above-referenced lawsuit.

GUZMAN further represents and acknowledges that he is not relying upon any representation or statements made by SAMSUNG, or any Released Party, with respect to the facts involving said controversies or with regard to the rights or asserted rights of any Party. GUZMAN hereby assumes the risk of all mistakes of fact with regard to said controversies and with regard to all facts which are now known or unknown to the Parties relating thereto. With respect to the matters released herein, all rights under California Code of Civil Procedure. Section 1542, are hereby expressly waived. Section I 542 of the California Code of Civil Procedure reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

GUZMAN, being aware of this Code Section, hereby expressly waives any rights he may have as against SAMSUNG and the Released Parties arising from the Subject Incident, including

286896072v.1

without limitation, the Dispute, as well as under any other statute, law, or principle of similar effect. The Parties hereby acknowledge that the foregoing waiver of the provisions of <u>Civil</u>. <u>Code§</u> I 542 was separately bargained for.

GUZMAN agrees to fully satisfy and discharge any and all liens, conditional payments, claims, bills, and expenses associated with the Subject Incident and related Dispute, including but not limited to any liens arising from the prosecution of the Dispute and/or from any medical, psychiatric, and/or psychological care or treatment provided to and received by GUZMAN. GUZMAN shall indemnify, defend, and hold harmless SAMSUNG and the Released Parties from and against any and all liens generated in connection with or resulting from the Subject Incident and related Dispute including, but not limited to, liens for medical services provided to GUZMAN.

3.    <u>Severability</u>

The Parties agree that the provisions of this Settlement Agreement are contractual and not mere recitals. If any term or condition of this Settlement Agreement or the application thereof to any Party or entity or circumstance shall to any extent be declared invalid or unenforceable, neither the remainder of this Settlement Agreement nor the application of such term or condition to any other Party or entity or circumstance shall be affected thereby, and each remaining term or condition of this Settlement Agreement shall be valid and enforceable to the fullest extent permitted by law.

4.    <u>Scope of Release.</u>

The Parties hereby acknowledge and agree that the Release granted in Section 2 is a general release of all claims that GUZMAN have or might have against SAMSUNG and any Released Party.

5.    <u>No Admission.</u>

The Parties agree that neither this Settlement Agreement nor anything said in the negotiation hereof shall constitute an admission of liability or of the truth of any facts alleged by GUZMAN, or an acknowledgement of wrongdoing of any kind by SAMSUNG and/or any Released Party. GUZMAN acknowledges that SAMSUNG has denied and continues to deny all liability in relation to the Subject Incident, including without limitation, the Dispute.

6.    <u>Confidentiality and Non-Disparagement</u>

The Parties agree to strict confidentiality regarding Confidential Information. As used herein, Confidential Information means: (1) this Agreement; (2) discovery exchanged between the Parties; (3) the negotiations leading up to this Agreement; and (4) the settlement amount. By execution of this Agreement, the Parties affirm that they have not previously disclosed the terms of the Agreement or the value of the Settlement Payment to any person or entity. Should the Parties receive an inquiry regarding the settlement or facts giving rise to same, Parties shall respond by saying only, "I have no comment other than this matter was resolved."

286896072v.1

The Parties agree that the negot1at1on, existence, and tenns and conditions of this Agreement are strictly confidential and, as such, will not be disclosed to any person or entity not a party to this Agreement other than (I) as required by operation of law or Court Order; (2) to any of the Parties' auditors, accountants, and attorneys; (3) in any action or proceeding where the existence or terms of the Agreement as it relates to enforcement of the settlement; (4) by written agreement of the Settling Parties; or (5) by any applicable federal law, state law, regulations, or procedures of any agency or subdivision thereof. To the extent that any disclosure of the terms of this settlement or Agreement is made, the disclosure is only to be made to the extent necessary and the person(s) to whom the disclosure is made shall not further disclose the confidential information and shall be advised of the confidential nature of the settlement. The prov isions of this paragraph shall survive the termination or satisfaction of this Agreement. Under such circumstances of any disclosure, not less than ten ( I 0) business days before the required disclosure, the Party shall notify all Parties in writing for the purpose of enabling the Defendants to take action to limit or prevent the disclosure of Confidential Information as deemed necessary.

The Parties further agree not take any action or make any statements, verbal or written, to any third-party that disparage or defame SAMSUNG with regard to the Subject Property and the related Dispute.

    7.    <u>Authority.</u>

Each Party represents and warrants that: (a) the person executing this Settlement Agreement on its, his, or her behalf retains authority to bind the Party purporting to be bound thereby; (b) each Party has or intends to undertake any and all corporate or other formalities and approvals required to authorize the entry into and performance of this Settlement Agreement; and (c) that the entry into and the performance of this Settlement Agreement is wholly voluntary, and is not barred, prohibited or impaired by any law, rule, regulation, contract, judgment, or decree that binds such Party.

    8.    <u>Assignment of Claims</u>.

GUZMAN represents and warrants that he owns all of the claims released herein and has neither assigned or transferred, nor purported to have assigned or transferred voluntarily, by operation of law or otherwise, any of the claims released herein, in whole or in part. GUZMAN further agrees that he will indemnify and hold SAMSUNG harmless from any claims, lawsuits, damages, or expenses (including, without limitation, attorneys' fees) arising from or relating to same.

    9.    <u>Spanish Interpretation</u>. GUZMAN, as a Spanish speaking person, acknowledges that he fully understands and agree to be bound by all terms and conditions set forth in this Settlement Agreement and had engaged the services of a Spanish interpreter, if necessary.

    10.    <u>Entire Agreement.</u>

This Settlement Agreement represents the entire agreement and understanding between the Parties regarding the subject hereof, and the final, complete and exclusive expression of the terms and conditions of their agreement. This Settlement Agreement supersedes any prior or contemporaneous written or oral communications, agreements, representations, negotiations, and

understandings between the Parties regarding the subject hereof, and no amendment, modification or waiver of this Settlement Agreement shall be valid unless in writing and signed by all of the Parties. GUZMAN represents and warrants that he has executed this Settlement Agreement without reliance on any statement or representation of fact or opinion by SAMSUNG, except as expressly set forth herein.

11.    <u>Additional Provisions</u>

(a) The titles of the sections of this Settlement Agreement are for reference only, and shall not constitute part of this Settlement Agreement for the purpose of its construction or interpretation.

(b) In signing this Settlement Agreement, the Parties agree, understand, and intend that this Settlement Agreement shall be binding and enforceable as permitted under law.

(c) This Settlement Agreement shall be interpreted under the laws of the State of California.

(d) Should any party fail to comply with its obligations under this Settlement Agreement, in whole or in part, in any action or proceeding brought to enforce the provisions of this Settlement Agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

(e) The Parties acknowledge and agree that this Settlement Agreement represents the product of an arms-length negotiation between the Parties, they have each read the terms of this Settlement Agreement, they fully understand the terms of this Settlement Agreement, and that they have voluntarily entered into this Settlement Agreement with full knowledge of the effects hereof.

(t) The Parties shall each be responsible for and bear their own attorneys' fees, expenses and costs, including, without limitation, those incurred, if any, in relation to the Dispute and/or this Settlement Agreement.

(g) This Settlement Agreement may be signed in counterparts, each of which shall be deemed to be an original, and all of which taken together shall constitute one and the same agreement. Faxed, electronic and/or email signatures shall be acceptable signatures for purposes of binding the Parties to the terms of this Settlement Agreement.

(h) The Parties acknowledge that: I) they have carefully read and fully understand all the provisions of this Settlement Agreement; 2) they are voluntarily entering into this Settlement Agreement with full knowledge of the rights they may be waiving; 3) they have entered into this Settlement Agreement based on their own judgment; and 4) they have not relied upon any representations or promises not contained in this Settlement Agreement.

286896072v.l

WHEREFORE, the Parties have caused this Settlement Agreement to be executed and delivered as of the date set forth below.

| | AS TO FORM: |
|---|---|
| Ignacio Guzman | Robin E. Paley, Esq. |
| Ignacio Guzman | *Robin E. Paley, Esq* |
| | Law Offices of Robin E.Paley, Counsel |
| Date: Oct12,2023 | Date: 10/12/2023 |

| | AS TO FORM: |
|---|---|
| SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC | Thomas G. Komaromi, General Counsel for SAMSUNG ELECTRONICS HOME APPLIANCES AMERICA, LLC |
| | *)?k.J/.* |
| By: , *Tt•w'''-la* U,22_ | Thomas G. Komaromi |
| Title:   C"A...:) | |
| Date: *Q,·it,a..,.yYL* ⸲ ⸲,ₐₓ⸲.S | Date: *Ot:J,,4vill* , |

Page 6 of 6